IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL B. SELIG,                                  :
                                                   :
                            Plaintiff,             :          CIVIL ACTION NO. 17-4504
                                                   :
          v.                                       :
                                                   :
NORTH WHITEHALL TOWNSHIP                            :
ZONING HEARING BOARD,                              :
CHAIRMAN RICHARD BENJAMIN, and                     :
EUGENE WOLFGANG,                                   :
                                                   :
                            Defendants.            :

**<u>MEMORANDUM OPINION</u>**

Smith, J.                                                                April 24, 2018

The *pro se* plaintiff brought the instant action against a township zoning hearing board

and two of its members for violations of his due process rights and conspiracy to violate his

constitutional rights when the board refused to grant his application for a special use permit for a

heliport in two separate zoning proceedings.  The plaintiff seeks damages and injunctive relief.

The defendants have moved to dismiss the complaint because (1) the statute of limitations bars

the claims, (2) the court lacks subject-matter jurisdiction based on *Rooker-Feldman*, and (3) the

claims are not ripe for judicial review.  The defendants also assert that the plaintiff has failed to

state a cognizable claim for money damages and the court should abstain from exercising

jurisdiction over the demand for equitable relief.

The court grants the defendants' motion on several grounds.  First, the plaintiff fails to

state plausible claims for violation of his substantive due process rights or conspiracy to violate

his constitutional rights.  In addition, these claims are so weak that amendment of the complaint

would be futile.  Second, the plaintiff lacks standing to bring any claims based on the first zoning

proceeding because he did not own the relevant property at the time of the proceeding.  Even if

he did somehow have standing, the statute of limitations would bar his claims because his purported constitutional injury occurred more than two years before he brought this lawsuit. Finally, although the complaint does not explicitly reference a claim for a procedural due process violation (contrary to the multiple references to substantive due process in the complaint), at the plaintiff's urging the court has considered whether the complaint states a claim for procedural due process and finds that it does not.

## I.     PROCEDURAL HISTORY

On October 10, 2017, the *pro se* plaintiff, Michael B. Selig ("Selig"), filed a complaint asserting that the defendants, North Whitehall Township Zoning Hearing Board (the "Board"), Chairman Richard Benjamin ("Benjamin"), and Eugene Wolfgang ("Wolfgang"), violated his substantive due process rights and that they conspired to violate his constitutional rights.[1] Compl., Doc. No. 1.  The defendants filed a motion to dismiss the complaint on October 31, 2017.  Mot. to Dismiss, Doc. No. 4.  The motion to dismiss raised five grounds for dismissal. *See* Br. in Supp. of Def.'s Rule 12(b)(6) Mot. to Dismiss the Compl. ("Defs.' Br."), Doc. No. 4-1.  Selig filed a response in opposition to the motion on November 22, 2017, the defendants filed a reply to the response on December 3, 2017, and Selig filed a sur-reply brief on December 7, 2017.  Doc. Nos. 7, 9, 11.  On January 4, 2018, the court heard oral argument on the motion to dismiss.  During the oral argument, Selig asserted that his complaint also raises a procedural due process claim despite the lack of a specific reference to such a claim in the complaint.  The motion to dismiss is now ripe for adjudication.

---

[1] Selig sought relief for the alleged substantive due process violation under 42 U.S.C. § 1983.  See Compl. at 2. Similarly, Selig sought relief for the alleged conspiracy to violate his constitutional rights under 42 U.S.C. § 1985. *See id.*

## II. DISCUSSION

### A. <u>Standards of Review</u>

#### 1. Motions to Dismiss Under Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id*. (citations omitted). "[F]ederal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977). Therefore, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Id*.

"[A] court must grant a motion to dismiss [under Rule 12(b)(1)] if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack." *Id*. (citation omitted). A jurisdictional challenge is factual if "it concerns not an alleged pleading deficiency, but rather the actual failure of [the plaintiff's] claims to comport with the jurisdictional prerequisites[.]" *U.S. ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (quotation marks and citation omitted). A jurisdictional challenge is facial if it "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to consider the allegations of the complaint as true." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (citations and internal quotation marks omitted). On the other hand, "a factual challenge attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting

*Constitution Party of Pa. v. Achiele*, 757 F.3d 347, 358 (3d Cir. 2014)). When a jurisdictional challenge is factual, a court may "weigh and consider evidence outside the pleadings." *Id.* (citation and internal quotation marks omitted).

## 2.    Motions to Dismiss Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint or a portion of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). As the moving party, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

In general, a complaint is legally sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The touchstone of [this] pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Although Rule 8(a)(2) does "not require heightened fact pleading of specifics," it does require the recitation of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quotation omitted). Ultimately, a complaint must contain facts sufficient to nudge any claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Because the plaintiff is proceeding *pro se*, the court must liberally construe the allegations in the complaint. *See Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (explaining that courts must liberally construe *pro se* complaints and "apply the applicable law, irrespective of whether [the] litigant has mentioned it by name"). Although the court must accept as true the factual allegations in the complaint, the court need not do so with conclusory allegations of law. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, the court may consider "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## B. Factual Background

In 2012, Selig used a holding company, Aerotierra, L.L.C. ("Aerotierra"), to purchase a 50-acre plot of land located at 5471 Route 309, Schnecksville, Pennsylvania (the "Property") to use as a heliport. *See* Compl. at 3. In purchasing the Property, Selig relied on an assertion by the prior North Whitehall Township zoning manager that his "proposal [for a heliport] meets the requirements of the Zoning Ordinance." *Id.* at 4. Selig applied for a special exception to use the Property as a heliport and, after holding a hearing on the application, the Board denied the application in 2013. *See id.* Selig believes that the defendants violated his due process rights in this zoning proceeding because (1) the solicitor, Steven Miller, had a conflict of interest because he was Selig's "non-amicably released divorce attorney," (2) the Board panel did not have a tie-breaking vote because it was composed of two, instead of three members, in violation of 53 P.S. § 10906, (3) the chairman of the board, Benjamin, had a conflict of interest because he is Selig's "across the street neighbor" from the Property, and (4) the Board's denial of his application was inconsistent with governing law and the Board's prior decisions which permitted heliports in two locations. *See id.* at 4, 5, 10.

5

Selig then appealed the Board's decision to the state courts. *See id.* at 5–7; *see also Selig v. Zoning Hearing Bd. of N. Whitehall Twp.*, No. 180 C.D. 2014, 2014 WL 3586255, at *1 (Pa. Commw. July 22, 2014). The Court of Common Pleas initially determined that Selig lacked standing and dismissed the appeal, and the Commonwealth Court of Pennsylvania affirmed this decision.[2] *See Selig*, 2014 WL 3586255, at *1.

After the state proceedings concluded, Selig filed a complaint in federal court in September 2014. *See* Compl., *Selig v. N. Whitehall Twp. Zoning Hearing Bd., et al.*, No. 14-CV-5303 (E.D. Pa.), Doc. No. 1. In November 2015, now-Chief Judge Lawrence F. Stengel dismissed Selig's complaint because he did "not have a protected property interest sufficient to establish a Section 1983 claim." *See* Nov. 12, 2015 Order at 1 n. 1, *Selig v. N. Whitehall Twp. Zoning Hearing Bd., et al.*, No. 14-CV-5303 (E.D. Pa.), Doc. No. 33. Judge Stengel explained that Selig's ownership of Aerotierra was not a sufficient property interest to give him standing. *See id.* Selig then appealed Judge Stengel's decision to the Third Circuit, which affirmed the decision. *See Selig v. N. Whitehall Twp. Zoning Hearing Bd.*, 653 F. App'x 155, 158 (3d Cir. 2016) (per curiam).

After Selig lost in federal court, he transferred the Property from Aerotierra to himself. *See* Compl. at 7. Selig then filed a new application to have a heliport on the Property. *See id.* He immediately requested that Board members "Benjamin and Wolfgang recuse themselves." *Id.* Selig sought Benjamin's recusal for the reasons listed above (that Benjamin lives across the street from the Property). *See id.* at 4, 7. Similarly, Selig sought Wolfgang's recusal because Wolfgang was involved in the prior decision and based that decision on "personal or political

---

[2] Apparently, even though Selig amended his zoning application to name Aerotierra as the owner of the Property and identify himself as Aerotierra's representative, he personally appealed the Board's decision to the Court of Common Pleas. *See Selig*, 2014 WL 3586255 at *1. The Commonwealth Court adopted the opinion of the Court of Common Pleas, which dismissed the appeal because Aerotierra, and not Selig, was "'the proper party to bring this appeal.'" *Id.* (quoting Common Pleas Court Order, Oct. 10, 2013, at 1 n. 1).

considerations rather than applicable law." *Selig v. Zoning Hearing Bd. of N. Whitehall Twp.*, No. 2171 C.D. 2015, 2016 WL 7030803, at *1 (Pa. Commw. Dec. 2, 2016).

The Board held a hearing on whether Benjamin and Wolfgang should recuse themselves. *See id.* At the hearing, the Board verbally denied Selig's recusal request. *See id.* "On July 20, 2015, the [Board] issued a written decision reaffirming its [oral] decision at the hearing to deny Selig's recusal request." *Id.* Selig appealed the Board's recusal determination to both the Court of Common Pleas and then to the Commonwealth Court. *See id.* The Court of Common Pleas dismissed the case as interlocutory and the Commonwealth Court affirmed. *See id.* at 4.

Selig then filed this case on October 10, 2017. *See* Compl. While this case was pending, the Board rendered an oral decision and, for a second time, denied Selig's request for a special use exception permit. *See* Pl.'s Resp. to Defs.' New Claims on the Mot. to Dismiss of Dec. 3, 2017 at 4–5, Doc. No. 11; *see also* Reply Br. in Supp. of Defs.' Rule 12(b)(6) Mot. to Dismiss the Compl. at 5, Doc. No. 9.

### C.    Analysis

The defendants seek to have the court dismiss all or at least portions of the complaint on five grounds: the *Rooker-Feldman* doctrine, *Younger* abstention, the statute of limitations, failure to state a claim, and ripeness. *See* Defs.' Br. The court agrees with the defendants that Selig has failed to state claims for substantive due process or conspiracy to violate his constitutional rights. Because these claims are futile, the court dismisses them with prejudice under Rule 12(b)(6). Additionally, the court dismisses the portion of all of Selig's claims premised upon the first zoning proceeding because (1) Selig lacks standing to bring any claims premised upon this proceeding, and (2) the statute of limitations bars any claims. The court also dismisses Selig's claim for procedural due process because Selig has failed to state a claim. Before addressing these arguments, however, the court will first discuss the defendants' arguments for dismissal

7

under Rule 12(b)(1) and explain why neither the *Rooker-Feldman* doctrine nor *Younger* abstention apply in this case.

### 1. *Rooker-Feldman* Does Not Apply Because the Zoning Hearing Board's Decision is Not a State Court Judgment[3]

The *Rooker-Feldman* doctrine applies where: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (alterations in original) (internal quotation marks and citation omitted).  A zoning hearing board decision does not satisfy the second element, *i.e.*, a zoning hearing board decision is not a "state-court judgment." *See Rose v. City of Allentown*, 211 F. App'x. 133, 137 (3d Cir. 2007) (disagreeing with district court's dismissal of case based on a zoning hearing board decision on *Rooker-Feldman* grounds because the "complaint did not complain of injuries caused by a state-court judgment."); *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006) (finding application of *Rooker-Feldman* in case premised on zoning board decision would be inappropriate because the "action was commenced after the Board decision, but well before any state court judgment was reached, so the district court could not have been invited to review and reject such a judgment."). *But see Great W. Mining*, 615 F.3d at 167 (noting that an election board decision could implicate *Rooker-Feldman* if "the Board [was] acting under compulsion of a state-court order." (alteration in original) (citation and quotation marks omitted)).  Here, Selig is complaining of an injury

---

[3] This section and the following only analyze the portion of Selig's case that is not barred by the statute of limitations.  As explained in detail below, the statute of limitations bars any of Selig's claims based upon the first zoning hearing board proceeding or subsequent appeals thereof.  If the court were to consider claims based on the first board proceeding or any of the related subsequent appeals in these sections, it would certainly impact the court's analysis.  However, because the claims based on those events are barred, the court's analysis in this section is limited to claims premised on the second zoning proceeding, *i.e.*, the Board's refusal to recuse Benjamin and Wolfgang and the Board's decision to deny Selig a special use exception permit for a heliport.

caused by the Board, not by a state court judgment. Accordingly, the second element of *Rooker-Feldman* is not satisfied and the court has subject-matter jurisdiction to entertain this action. *See Shank v. E. Hempfield Twp.*, No. 09-cv-2240, 2010 WL 2854136, at *5 (E.D. Pa. July 20, 2010) (holding that *Rooker-Feldman* does not bar plaintiff's case based on zoning hearing board decision because "there is no state *court* judgment here, only the decision of a state administrative agency . . . ." (emphasis in original)).

## 2. *Younger* Abstention Does Not Apply Because Selig's Claims Do Not Implicate Important Pennsylvania State Interests

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should abstain from exercising jurisdiction when three requirements are satisfied: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Assocs. in Obstetrics & Gynecology v. Upper Merion Twp.*, 270 F. Supp. 2d 633, 647 (E.D. Pa. 2003) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Regarding the second element, land use proceedings can implicate important state interests. *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 410 (3d Cir. 2005) (holding that plaintiff's challenge regarding "legality of Pennsylvania's land use policies" implicated important state interest). However, challenges regarding the *application* of land use policies usually do not implicate important state interests. *See id.* (holding that plaintiff's challenge "that the actions of Township officials in applying those [land use] policies were unconstitutional" did not implicate important state interests). In addition, *Younger* has now been limited to three situations: "First, Younger preclude[s] federal intrusion into ongoing state criminal prosecutions. Second, certain civil enforcement proceedings warrant[] abstention. Finally, federal courts refrain[] from interfering with pending civil proceedings involving certain

orders … uniquely in furtherance of the state courts' ability to perform their judicial functions."

*Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013) (internal quotation marks and citations omitted).

Here, Selig is not challenging the legality of any of the land use policies involved in the Board's decision. Consequently, his claims are similar to the challenge in *Addiction Specialists* that the board's conduct and application of the land use polices was unconstitutional. Like in *Addiction Specialists* where the board's conduct and application of the land use polices did not implicate important state interests, here, whether the Board's conduct violated Selig's substantive and/or procedural due process rights will not implicate Pennsylvania's important interests in regulating and overseeing land use policies.

However, even if this case does somehow implicate an important Pennsylvania state interest, abstention would still be inappropriate in light of the Supreme Court's decision in *Jacobs* to narrow application of *Younger* abstention to only three circumstances. *See id.* Because Selig's case does not involve a criminal prosecution or a civil enforcement proceeding, the first two situations are of no avail here. The third situation is similarly inapplicable. The zoning hearing board decisions at issue here are not "civil proceedings involving certain orders … uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* For these reasons, *Younger* abstention is not appropriate in this case.

**3.    The Court Dismisses Selig's Claims for Substantive Due Process and Conspiracy to Violate His Constitutional Rights under Rule 12(b)(6)**

Selig has failed to state claims for violations of his substantive due process rights or conspiracy to violate his constitutional rights. Beginning with Selig's claim for violations of his substantive due process rights under 42 U.S.C. § 1983, the court finds that he has failed to state a claim because the Board's conduct does not "shock the conscience." To state a claim for a

10

violation of substantive due process rights, Selig must show that he was deprived of due process in a manner that "shocks the conscience." *Echenlaub v. Twp. of Indiana*, 385 F.3d 274, 285–86 (3d Cir. 2004). As the Third Circuit noted in *Eichenlaub*, "every appeal by a disappointed developer from an adverse ruling of the local planning board involves some claim of abuse of legal authority, but it is not enough to simply give these state law claims constitutional labels such as due process . . . ." *Id.* at 286. Rather, the planning board's actions must shock the conscience and "only the most egregious official conduct" rises to a conscience shocking level. *Id.* at 285. Usually, courts look for self-dealing or corruption to see if conduct shocks the conscience. *Id.* at 286.

Here, Selig has not alleged any conduct by the defendants that shocks the conscience. The facts in this lawsuit are essentially the same as in the first lawsuit Selig brought four years ago. *Compare* Compl., *Selig v. N. Whitehall Twp. Zoning Hearing Bd., et al.*, No. 17-cv-4504 (E.D. Pa. 2017), Doc. No. 1, *with* Am. Compl., *Selig v. N. Whitehall Twp. Zoning Hearing Bd., et al.*, No. 14-cv-5303 (E.D. Pa. 2014) ("*Selig I*"), Doc. No. 24. When *Selig I* went up on appeal, the Third Circuit noted that Selig had failed to state a claim for substantive due process violations. *See Selig v. N. Whitehall Twp. Zoning Hearing Bd.*, 653 F. App'x 155, 157 (3d Cir. 2016) (per curiam). Given that Selig's substantive due process allegations have not significantly changed, the court finds no reason to depart from the Third Circuit's well-reasoned analysis of this issue.

Turning to Selig's claim for conspiracy to violate his constitutional rights under 42 U.S.C. § 1985, the court finds that, here as well, Selig has failed to state a claim. There are three subsections in section 1985. *See* 42 U.S.C. § 1985. The first subsection is inapplicable because Selig is not a government officer. *See id.* at § 1985(1). The second subsection is similarly inapplicable because Selig is not asserting claims based on obstruction of justice or witness

intimidation.  *See id.* at § 1985(2).  To prevail under subsection (3), Selig must show that he was

subjected to invidious, class-based discrimination.  *See Farber v. City of Paterson*, 440 F.3d 131,

135, 138 (3d Cir. 2006).  Selig has not made such a showing here.  The facts as alleged in the

complaint, even when taken in the light most favorable to Selig, do not amount to invidious,

class-based discrimination.

### 4.      The Court Dismisses the Substantive Due Process and Conspiracy Claims with Prejudice

The next issue is whether Selig can attempt to re-plead these claims in an amended

complaint.  A plaintiff has a right to amend his or her pleading as a matter of course in two

circumstances: (1) within 21 days of serving the complaint on the defendant, or (2) within 21

days after a motion under Rule 12(b), (e), or (f) is served upon the plaintiff.  *See* Fed. R. Civ. P.

15(a)(1).  Here, more than 21 days has passed since Selig served the complaint upon the

defendants.  *See* Doc. Nos. 1, 2, 3.  Similarly, more than 21 days has passed since the motion to

dismiss was served upon Selig.  *See* Doc. No. 4.  Consequently, Selig does not have a right to

amend his complaint as a matter of course.

Generally, however, "[t]he court should freely give leave [to amend] when justice so

requires."  Fed. R. Civ. P. 15(a)(2).  As the Third Circuit has stated,

> [w]hile this Rule also requires that leave to amend should be freely given, a
> district court has the discretion to deny this request if it is apparent from the
> record that (1) the moving party has demonstrated undue delay, bad faith or
> dilatory motives, (2) the amendment would be futile, or (3) the amendment would
> prejudice the other party.  While a District Court has substantial leeway in
> deciding whether to grant leave to amend, when it refuses this type of request
> without justifying its decision, this action is not an exercise of its discretion but an
> abuse of its discretion.

*Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (internal quotation marks and citations

omitted).

Here, amendment would be futile. This is not a case where Selig has failed to plead sufficient facts and an amended pleading would give him the opportunity to do so. Rather, this is a case where Selig painstakingly listed out the facts, but the facts do not entitle him to relief. *See* Compl. at 3–9, Doc. No. 1. After reviewing the state court decisions in both proceedings, the facts presented to the court in writing and at oral argument, and considering the relevant law, the court cannot see a basis for Selig to obtain relief under either sections 1983 or 1985. In this run of the mill zoning board determination case, the facts are so far short of the standards for relief under sections 1983 and 1985 that amendment would be futile.

**5.       The Court Dismisses the Portion of Selig's Claims That Are Based on the First Zoning Hearing Board Proceeding Because He Lacks Standing or, Alternatively, the Statute of Limitations Bars the Claims**

In 2015, Judge Stengel dismissed Selig's federal court complaint against the Board because he brought the action in his own name and he was not the owner of the Property. *See* Nov. 12, 2015 Order, *Selig v. N. Whitehall Twp. Zoning Hearing Bd., et al.*, No. 14-cv-5303 (E.D. Pa. 2014), Doc. No. 33. As indicated above, Aerotierra owned the Property at the time of the first Board hearing when it denied Selig's request for a special use exception permit. *See id.* Although Selig was the sole member of Aerotierra, his ownership interest was insufficient to confer constitutional standing upon him in his individual capacity. *See id.* Consequently, Judge Stengel dismissed the case for lack of standing. *See id.*

After Judge Stengel dismissed the case, Selig transferred the Property from Aerotierra to himself. *See* Compl. at 7. This transfer of land interest, however, does not retroactively give Selig standing to sue for alleged constitutional violations Aerotierra suffered because the violations did not pass to Selig when he transferred the Property to himself. Consequently, Judge Stengel's standing analysis also applies to this case. Selig, in his individual capacity, does

not have standing because he was not the owner of the Property at the time of these alleged violations.

Even if Selig has standing to assert claims based on the first Board proceeding, the court would still dismiss the portion of his claims premised on those events because the statute of limitations bars the claims. "It is generally the case that a claim accrues in a federal cause of action as soon as a potential claimant either is aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong." *Keystone Ins. Co. v. Houghton*, 863 F.2d 1125, 1127 (3d Cir. 1988). Here, these claims accrued when the Board issued a final decision in 2013 because it was then that Selig likely knew "of the existence of and source of [his alleged] injur[ies]." *Id.* However, even if the claims accrued upon the conclusion of his state court appeals in 2014, they would still fall *well* outside of the two-year statute of limitations applicable to actions under sections 1983 and 1985. *See Lake*, 232 F.3d at 369 (explaining that Pennsylvania's two-year statute of limitations applicable to personal injury claims applies to actions under sections 1983 and 1985).

### 6. The Court Dismisses Selig's Claim for Procedural Due Process for Failure to State a Claim

Finally, the court finds that Selig has not stated a claim for violation of his procedural due process rights. At a general level, to succeed under section 1983 for a violation of procedural due process rights, a plaintiff

> must demonstrate that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law. Due process usually requires at least the opportunity to be heard at a meaningful time and in a meaningful manner.

*R.B. v. Westmoreland Cty.*, 526 F. App'x 181, 185 (3d Cir. 2013) (per curiam) (citations and quotation marks omitted). In the context of a zoning hearing board proceeding, as a prerequisite

to showing a procedural due process violation, a plaintiff must first avail himself of any opportunities for state court review of the board's decision. *See Koynok v. Lloyd*, 405 F. App'x 679, 682 (3d Cir. 2011) (per curiam) ("[T]he District Court correctly determined that Koynok cannot show that he was deprived of [procedural] due process during the 2003 [ZHB] proceedings because Koynok failed to take advantage of all available avenues for appellate review." (citation omitted)); *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) ("In order to state a claim for failure to provide [procedural] due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate."). Because Selig has not yet appealed the Board's decision to deny the special use permit exception in the second proceeding, he has not availed himself of "all available remedies for appellate review." *Koynok*, 405 F. App'x at 682. Consequently, he cannot plausibly establish a procedural due process claim.

Should Selig wish to exhaust all available state court appeals and then come back and file a new case, he certainly has that option. Even then, however, such a claim would be exceedingly difficult to establish. The Third Circuit has affirmed the adequacy of Pennsylvania's state court appeals process as it relates to procedural due process violations arising out of zoning hearing board proceedings. *See Bello v. Walker*, 840 F.2d 1124, 1128 (3d Cir. 1988) (finding that Pennsylvania's procedures for challenging "the administrative decision to deny an application for a building permit" are constitutionally adequate); *Sutton v. Chanceford Twp.*, No. 1:14-cv-1584, 2016 WL 7231702, at *10 (M.D. Pa. Dec. 14, 2016) (explaining that, in *Bello*, "the Third Circuit Court of Appeals found that Pennsylvania state procedure for challenging an administrative zoning decision was sufficient to meet constitutional due process requirements"); *Potter v. City of Chester*, No. 12-cv-2058, 2012 WL 5464970, at *4 (E.D. Pa. Nov. 9, 2012) ("The Third Circuit has repeatedly determined that Pennsylvania's procedures for challenging

administrative zoning decisions provide procedural due process." (citations omitted)). Accordingly, if Selig were to return to federal court and claim a violation of his procedural due process rights, he would face a steep uphill battle to sustain his claim.

Because the court is required to liberally construe Selig's complaint, the court will address two other ways in which his procedural due process claim could possibly be pursued. First, to the extent that Selig's procedural due process claim is premised upon the first zoning hearing board proceeding, the claim fails for the reasons stated in the previous section. Selig does not have standing to assert claims based on the first zoning proceeding because he did not have a sufficient property interest when Aerotierra held the Property. Alternatively, if he does have standing, the statute of limitations would bar such a claim.

Second, to the extent that Selig's procedural due process claim is premised upon the Board's recusal determination (*i.e.*, their refusal to recuse Benjamin and Wolfgang), his claim also fails. The Board's recusal determination, as noted by the state courts, was not a final decision and, accordingly, was interlocutory. *See Selig v. Zoning Hearing Board of N. Whitehall Twp.*, No. 2171 C.D. 2015, 2016 WL 7030803 (Pa. Commw. Dec. 2, 2016). "[I]n the context of land-use decisions, [Supreme Court precedent] require[s] state zoning authorities be given an opportunity to 'arrive[ ] at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question' before its owner has a ripe constitutional challenge based on the disputed decision[.]" *Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1291 (3d Cir. 1993) (alterations to original) (citation omitted). Other courts in this district have noted the same principle: "[W]here an agency must issue permits, the controversy is not ripe until the decision to issue or withhold is made." *Cmty. Interactions--Bucks Cty., Inc. v. Twp. of Bensalem*, No. 93-cv-3959, 1994 WL 702943, at *1 (E.D. Pa. Dec. 13, 1994). Accordingly, a procedural due process claim premised upon the recusal determination is also not ripe for review.

## V.    CONCLUSION

In sum, this zoning hearing board case does not present constitutional law violations. Accordingly, Selig's claims for violations of his substantive due process rights and conspiracy to violate his constitutional rights fail under Rule 12(b)(6).  The portions of his claims that are premised on the first board proceeding fail because he does not have standing to assert them, or, in the alternative, the statute of limitations bars the claims.  And finally, Selig has failed to state a plausible procedural due process claim.  For these reasons, the court grants the motion to dismiss.

The court will enter a separate order.


BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.